**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MARK ALLAN ATKINS,** | : | **CIVIL ACTION NO. 2:19-cv-899** |
| **ALLEN WAYNE EDDINS, JR.,** | | |
| **DOUGLAS EDWARD HAGA,** | | |
| **NELAND HARDY SINGLETARY,** | | |
| **and CHASE LLOYD SOMERS** | | |
| | | |
| **VERSUS** | : | **JUDGE _____** |
| | | |
| **CB&I, LLC** | : | **MAGISTRATE JUDGE _____** |

_____

**<u>NOTICE OF REMOVAL</u>**

Defendant CB&I, LLC. ("CB&I" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 to the United States District Court for the Western District of Louisiana, and as grounds therefore states:

**I.      Timeliness of Removal**

1.      On or about February 19, 2019, Plaintiffs MARK ALLAN ATKINS, ALLEN WAYNE EDDINS, JR., DOUGLAS EDWARD HAGA, NELAND HARDY SINGLETARY, and CHASE LLOYD SOMERS ("Plaintiffs") filed a civil action against Defendant in the 14TH Judicial District Court, Parish of Calcasieu, Louisiana, Docket No. 2019-839 F.  Defendant was served with the Petition on March 15, 2019.  Defendant filed an Answer to the Petition on May 30, 2019.

2.      The case stated by the original Petition was not removable.

3.      On June 12, 2019, counsel for Plaintiffs emailed a draft of a First Supplemental and Amended Petition for Unpaid Wages ("Amended Petition").

4.      On June 24, 2019, Plaintiffs sought leave of the 14th Judicial District Court to file the Amended Petition.

5.      Copies of all filings in the state court record are attached hereto as **Exhibit A**, as required under 28 U.S.C. § 1446(a).  These are the only process, pleadings, and orders served on Defendant in this action.

6.      The case stated by the Amended Petition is removable.

7.      Defendant is timely filing this Notice of Removal within 30 days after service or otherwise of a copy of the Amended Petition, as required by 28 U.S.C. § 1446(b).

**II.     Venue**

8.      The 14th Judicial District Court for the Parish of Calcasieu is located within the Parish of Calcasieu, Louisiana.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**III.     Basis for Removal:  Federal Question Jurisdiction**

9.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.      Plaintiffs' Amended Petition alleges that Plaintiffs were eligible to participate in the Project Completion Incentive, which plan is an employee pension benefits plan that is subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, *et seq*. (Complaint ¶¶ 6, 7).

a.  Under 29U.S.C. §1002(1), an ERISA welfare benefits plan is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of

2

insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions)"

b. Per 29 C.F.R. 2510,3-1(a)(3), a "'welfare plan' those plans which provide holiday and severance benefits, and benefits which are similar (for example, benefits which are in substance severance benefits, although not so characterized)."

c. Plaintiffs' claim against CB&I is made under the company's Project Completion Incentive plan, which provides in pertinent part: "CB&I will pay to Craft employees who meet eligibility requirements below a Project Completion Incentive payment equal to five percent (5%) of the employee's total earnings… as a retention incentive to continue working on the Project until their role on the project is complete.  Employees who quit, …their employment … are not eligible for the Project Completion Incentive payment." (Complaint ¶ 6).

d. Under 29 U.S.C. §1002(1) and 29 C.F.R. 2510,3-1(a)(3), the Project Completion Incentive program is a severance benefit subject to ERISA since it provides for severance benefits upon the employee's employment on the project being terminated by way of a reduction-in-force or transfer, and because it provides for an ongoing administrative program that require various

determinations, like eligibility determinations and calculations of the payment amount.

e.  As for preemption and thereby bringing in federal question jurisdiction, Section 514(a) of ERISA, 29 U.S.C. § 1144(a), expressly "supercedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *See Gomez v. Ericcson, Inc.* 828 F.3d 367, 371-72 (5th Cir. 2016).

f.  ERISA preemption is "deliberately expansive" and is to be "construed extremely broadly." *Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321, 1328 (5th Cir. 1992).

g.  A state law claim will be preempted if it has "a connection with or reference to such a plan." A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan. *Aucoin v. RSW Holdings, L.L.C.,* 476 F. Supp. 2d 608, 613 (M.D. La. 2007)(internal citations omitted).

h.  "A state law claim addressing the right to receive benefits under the terms of an ERISA plan necessarily `relates to' an ERISA plan and is thus preempted by ERISA.'" *Aucoin v. RSW Holdings, L.L.C.,* 476 F. Supp. 2d 608, 618 (M.D. La. 2007)(quoting *Dorn v. International Broth. Of Elec. Workers*, 211 F.3d 938 (5th Cir. 2000).

i.  Plaintiffs voluntarily resigned their employment. (Complaint ¶5).  Plaintiffs have asserted a claim under state law, notably under *La. R.S. 23:631, et seq.,* for payment of the Project Incentive Completion payment. (Complaint ¶¶ 10,

4

12, 13)  The sole question is whether Plaintiffs were eligibile under the plan to receive payment, which thereby implicates ERISA's preemption of state law.

11.     By asserting claims under federal law, namely, ERISA, 29 U.S.C. § 1001, *et seq.*, Plaintiffs' Amended Petition asserts a federal question under 28 U.S.C. §1331.  Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

12.     In accordance with 28 U.S.C. § 1466(d), copies of this Notice of Removal will be promptly served upon Plaintiffs and filed with the Clerk of the 14th Judicial District Court.  A copy of Defendant's notice of removal filed with the state court is attached hereto as **Exhibit B**.

13.     By removing this matter, CB&I does not waive or intend to waive any objection or defense to which it may be entitled, including but not limited to insufficiency of process and insufficiency of service of process.

## IV.    Conclusion

WHEREFORE, CB&I respectfully requests that this cause of action proceed before this Honorable Court as an action properly removed from the Fourteenth Judicial District Court to the Western District of Louisiana, as CB&I has properly established that federal question jurisdiction exists because Plaintiffs has asserted claims arising under ERISA.  As a result, this case is removable based on federal question jurisdiction.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


BY:   /s/ *Andrew J. Halverson*
CHRISTOPHER E. MOORE (La. Bar No. 26430)
ANDREW J. HALVERSON (La. Bar No. 31184)
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Email:  christopher.moore@ogletreedeakins.com
Email:  andrew.halverson@ogletreedeakins.com

Attorneys for Defendant, **CB&I, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed via the Court's Electronic Case Filing System, which provides for service on all counsel of record.

This 12th day of July, 2019.


*/s/ Andrew J. Halverson*
Andrew J. Halverson