**CT Corporation**

**Service of Process Transmittal**
03/15/2019
CT Log Number 535105113

| | |
|---|---|
| **TO:** | Stephen Stallings<br>McDermott, Inc<br>757 N. Eldridge Parkway<br>Houston, TX 77079 |

**RE:**   **Process Served in Louisiana**

**FOR:**   CB&I LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARK ALLAN ATKINS, et al., Pltfs. vs. CB&I LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 14th Judicial District Court, Parish of Calcasieu, LA<br>Case # 2019000839 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 01/25/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/15/2019 at 09:00 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after the service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | EDWARD J. FONTI<br>Jones, Tete, Fonti & Belfour, L.L.P<br>1135 Lakeshore Drive, 6th Floor<br>P. O. Box 1930<br>Lake Charles, LA 70602-1930<br>(337)439-8315 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/15/2019, Expected Purge Date: 03/20/2019<br><br>Image SOP<br><br>Email Notification,  Rebecca Purple  rebecca.purple@mcdermott.com<br><br>Email Notification,  Matacha Saul  Matacha.Saul@mcdermott.com<br><br>Email Notification,  Aaron Lamance  aaron.lamance@mcdermott.com<br><br>Email Notification,  Stephen Stallings  Stephen.stallings@mcdermott.com<br><br>Email Notification,  NATALYA GOOCH  ngooch@mcdermott.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>954-473-5503 |

Page 1 of  1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT
A
tabbies



Citation

MARK ALLAN ATKINS
VS.    2019-000839
CB&I LLC

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  CB&I    LLC/THROUGH    ITS
     REGISTERED    AGENT    FOR
     SERVICE
     C T CORPORATION SYSTEM
     3867 PLAZA TOWER DRIVE
     BATON ROUGE, LA  70816

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of MARK ALLAN ATKINS, AND ET AL (PETITION FOR UNPAID WAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 19th day of February 2019.

Issued and delivered March 1, 2019

Emilie McPherson
Deputy Clerk of Court

--------------------------------- SERVICE INFORMATION ---------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE     $_____       BY: _____
                                  Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.   P001

Filing Date: 02/19/2019 12:00 AM   Page Count: 1
Case Number: 2019-000839
Document Name: Citation

[ Service Copy ]
CMS0085

Page 1 of 1

MARK ALLAN ATKINS,                          :        14TH JUDICIAL DISTRICT COURT
ALLEN WAYNE EDDINS, JR.,
DOUGLAS EDWARD HAGA,
NELAND HARDY SINGLETARY, and
CHASE LLOYD SOMERS

VS. NO.: _2019-839 F_                        :        PARISH OF CALCASIEU

CB&I LLC                                     :        STATE OF LOUISIANA
           FEB 1 9 2019
_____                      :        _Sl Deebie Lyne Hardy_
FILED                                                 DEPUTY CLERK OF COURT

<u>PETITION FOR UNPAID WAGES</u>

        NOW INTO COURT through undersigned counsel comes Plaintiffs, **MARK ALLAN**

**ATKINS, ALLEN WAYNE EDDINS, JR., DOUGLAS EDWARD HAGA, NELAND HARDY**

**SINGLETARY,** and **CHASE LLOYD SOMERS**, who, with respect, aver as follows:

1.

        Plaintiff, **MARK ALLAN ATKINS**, is a person of full age and majority and is a resident

of Evadale, Texas;  Plaintiff, **ALLEN WAYNE EDDINS**, is a person of full age and majority and

is a resident of Silsbee, Texas;  Plaintiff, **DOUGLAS EDWARD HAGA**, is a person of full age and

majority and is a resident of Beaumont, Texas;  Plaintiff, **NELAND HARDY SINGLETARY**, is

a person of full age and majority and is a resident of Singer, Louisiana; and Plaintiff, **CHASE**

**LLOYD SOMERS**, is a person of full age and majority and is a resident of Silsbee, Texas

(collectively "Plaintiffs").

2.

        **CB&I LLC** ("Defendant") is a foreign corporation licensed to do and doing business in

Louisiana and is engaged in the business of industrial construction.

3.

        At all times material to this lawsuit, Defendant has had an office in Calcasieu Parish,

Louisiana where it is engaged in constructing a large industrial ethylene production facility known

as the LACC Project.

                                                CALCASIEU C.R.C.CO
                                                FEB 19 2019 / 09:05:57

4.

At all times material to this lawsuit, and within the three-year period immediately preceding the date this lawsuit is filed, each Plaintiff was employed by the Defendant on the LACC Project in Calcasieu Parish, Louisiana, as a construction worker performing manual labor.

5.

During the three-year period immediately preceding the date this lawsuit was filed, each Plaintiff resigned from employment with Defendant.  The resignation occurred in early October 2018.

6.

During the period the Plaintiffs were employed by Defendant, a certain amount of their earned wages for work performed was not paid to Plaintiffs.  The wages not paid to Plaintiffs were placed in a Retention Fund.

7.

At the time of each Plaintiffs' resignation, each Plaintiff had a substantial amount of earned wages which Defendant had placed into the Retention Fund.

8.

Upon the ending of employment of the Plaintiffs, Defendant failed to pay each Plaintiff the amount of wages earned by and owed to each Plaintiff which Defendant deposited in the Retention Fund.

9.

Defendant failed to pay Plaintiffs their earned wages which were placed in the Retention Fund, because the terms of the Retention Fund provided that if an employee quit or was terminated, the employee forfeited his earned wages which had been placed in the Retention Fund.

10.

The terms of the Retention Fund constitutes an illegal wage forfeiture agreement violative of La. R.S. 23:634 A.

11.

Defendants failure to pay all wages owed to each Plaintiff, on account of the illegal wage forfeiture agreement or on account of any other reason, constitutes a violation of La. R.S. 23:631 A.(1)(a) or (b) in regard to each individual Plaintiff.

12.

By registered letter dated January 25, 2019, each Plaintiff made written demand for payment of all unpaid wages.

13.

By Defendant's failure to pay each Plaintiff all wages owed by the next regular payday or within fifteen (15) days of their resignations, the Defendant is liable to each Plaintiff for the amount of wages still owed to each Plaintiff and the penalty wage pursuant to La. R.S. 23:632, including reasonable attorney's fees and costs related to this lawsuit and interest on the amounts.

WHEREFORE, after due proceedings had, Plaintiffs pray that the Defendant be held liable to Plaintiffs for Defendant's violations of La.R.S. 23:634 A, La.R.S. 23:631 A(1)(a) or (b), and La.R.S. 23:632, including but not limited to all wages due each Plaintiff, for the penalty wage, for attorney's fees, legal interest, cost of these proceedings, compensatory damages and any future damages that are reasonable in the premise.

Respectfully submitted,

EDWARD J. FONTI - #5676
Jones, Tête, Fonti & Belfour, L.L.P.
1135 Lakeshore Drive, 6th Floor
P. O. Box 1930
Lake Charles, LA 70602-1930
Telephone:   (337) 439-8315
Facsimile:   (337) 436-5606
Email: ejf@jonestete.com
**Attorney for Plaintiffs**

PLEASE SERVE DEFENDANT AS FOLLOWS:
    CB&I LLC
    Through its registered Agent,
    C T CORPORATION SYSTEM
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

A TRUE COPY
Lake Charles, Louisiana

Deputy Clerk of Court
Calcasieu Parish, Louisiana     MAR 0 1 2019

| MARK ALLAN ATKINS, ET AL. | * | 14th JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF CALCASIEU |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| CB&I, LLC | * | DOCKET NO. 2019-839 "F" |
| | * | FILED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

### ANSWER

NOW INTO COURT, through undersigned counsel, comes Defendant, CB&I, LLC ("CB&I"), answering the allegations of the Petition filed herein by Plaintiffs, as follows:

1.

The allegations of Paragraph 1 of Plaintiffs' petition do not require an answer.

2.

CB&I admits the allegations of Paragraph 2 of Plaintiffs' petition.

3.

CB&I admits the allegations of Paragraph 3 of Plaintiffs' petition.

4.

CB&I admits that Mark Atkins, Allen Eddins, Neland Singletary and Chase Somers worked at the LACC Project in Calcasieu Parish, Louisiana. CB&I denies the remaining allegations of Paragraph 4 of Plaintiffs' petition.

5.

CB&I admits that each Plaintiff resigned their employment from CB&I within the three-year period preceding the filing of this lawsuit. Due to lack of sufficient information to form a belief about the truth therein, CB&I denies the remaining allegations of Paragraph 5 of Plaintiffs' petition.

6.

CB&I denies the allegations of Paragraph 6 of Plaintiffs' petition. CB&I did not create a retention fund, as alleged by Plaintiffs. CB&I did not withhold or deduct any wages earned by any of the Plaintiffs. Plaintiffs were paid all wages that were earned by and due to each of them at the time of their respective resignations.

7.

CB&I denies the allegations of Paragraph 7 of Plaintiffs' petition. CB&I re-urges and incorporates herein its above answer to Paragraph 6 of Plaintiffs' petition.

Page 1 of 4

8.

CB&I denies the allegations of Paragraph 8 of Plaintiffs' petition.  CB&I re-urges and incorporates herein its above answer to Paragraph 6 of Plaintiffs' petition.

9.

CB&I denies the allegations of Paragraph 9 of Plaintiffs' petition. CB&I re-urges and incorporates herein its above answer to Paragraph 6 of Plaintiffs' petition.

10.

CB&I denies the allegations of Paragraph 10 of Plaintiffs' petition.  CB&I did not create a retention fund, as alleged by Plaintiffs.  CB&I had no agreement with Plaintiffs that required forfeiture by Plaintiffs of any wages that they had earned.

11.

CB&I denies the allegations of Paragraph 11 of Plaintiffs' petition.  CB&I re-urges and incorporates herein its above answer to Paragraphs 6 and 10 of Plaintiffs' petition.

12.

CB&I admits that the Plaintiffs submitted a written demand to CB&I for alleged unpaid wages dated January 25, 2019, but denies that Plaintiffs were not paid for all wages that they earned, and further denies any remaining allegations in Paragraph 12 of the Plaintiffs' petition.

13.

CB&I denies that it failed to pay each Plaintiff all wages owed to them in their final paycheck.  The remaining allegations of Paragraph 13 of the Plaintiffs' petition constitute legal conclusions that require no answer; however, out of an abundance of caution, CB&I denies the remaining allegations of Paragraph 13 of Plaintiffs' petition.

### AFFIRMATIVE DEFENSES

CB&I asserts that it only bears the burden of proof on those matters identified as affirmative defenses in Article 1004 of the Louisiana Code of Civil Procedure.  CB&I sets forth the following affirmative defenses and/or avoidances as follows:

### FIRST DEFENSE

Plaintiffs' Petition, or portions thereof, fails to state a claim upon which relief may be granted or upon which the damages or relief sought can be awarded.

### SECOND DEFENSE

CB&I specifically denies that Plaintiffs are able to present evidence sufficient to sustain a claim under any state statute and/or codal provision(s) and specifically puts Plaintiffs to their proof as to each and every element necessary to support their claims.

Page 2 of 4

### THIRD DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted under the Louisiana Wage Payment Statute because Plaintiffs were not denied the payment of any amount due under the terms of their employment.

### FOURTH DEFENSE

Plaintiffs have not met their burden under the Louisiana Wage Payment Statute to establish that they are entitled to penalties based on CB&I's actions.

### FIFTH DEFENSE

If any violation of the Louisiana Wage Payment Statute occurred, which CB&I expressly denies, a good faith dispute existed as to any amounts owed to Plaintiffs and CB&I's actions were not such that it should be subject to penalties.

### SIXTH DEFENSE

CB&I denies that Plaintiff is entitled to any relief.  Without admitting any wrongful conduct by CB&I or any other employees, agents, or representatives of CB&I, Plaintiffs' suit is not well-founded such that they are not entitled to an award of attorney's fees.

### SEVENTH DEFENSE

CB&I expressly reserves the right to amend this Answer and these Affirmative Defenses.

WHEREFORE, CB&I, LLC prays for judgment:

1. In favor of Defendant and dismissing Plaintiffs' demands at their cost; and

2. For all necessary orders and decrees as may be required or proper in the premises and for full, general and equitable relief.

> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> BY:\\ _____
> CHRISTOPHER E. MOORE, La. Bar No. 26430
> JENNIFER L. ENGLANDER, La. Bar No. 29572
> 701 Poydras Street, Suite 3500
> New Orleans, LA  70139
> Telephone:  (504) 648-3840
> Facsimile:  (504) 648-3859
> Email:  christopher.moore@ogletreedeakins.com
>          jennifer.englander@ogletreedeakins.com
>
> And

ANDREW HALVERSON, La. Bar No. 31184
325 Settlers Trace Boulevard, Suite 201
Lafayette, LA 70508
Telephone: (337) 769-6586
Facsimile: (337) 989-0441
Email:  andrew.halverson@ogletreedeakins.com

Attorneys for CB&I, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed to Edward J. Fonti, 1135 Lakeshore Drive, 6th Floor, P. O. Bo 1930, Lake Charles, Louisiana 70602-1930, by facsimile and by United States mail, postage prepaid on this May 30, 2019.

Jennifer L. Englander

38698113.1

**JONES, TÊTE, FONTI & BELFOUR, L.L.P.**

ATTORNEYS AT LAW

POST OFFICE BOX 1930
LAKE CHARLES, LOUISIANA 70602-1930

TELEPHONE (337) 439-8315
E-Mail: rjt@jonestete.com

EDWARD J. FONTI
GREGORY W. BELFOUR
ROBERT J. TÊTE

TELEFAX (337) 436-5606
TELEFAX (337) 433-5536

SAM H. JONES (1897-1978)
WILLIAM R. TÊTE (1919-2006)

STREET ADDRESS:
FIRST FEDERAL BUILDING
1135 LAKESHORE DRIVE
SIXTH FLOOR
LAKE CHARLES, LA 70601

June 24, 2019

Honorable H. Lynn Jones, II
Clerk of Court, 14th JDC
1000 Ryan St.
Lake Charles, LA 70601

Re:   Mark Allan Atkins, Allen Wayne Eddins, Jr., Douglas Edward Haga, Neland
Hardy Singletary and Chase Lloyd Somers
vs. No. 2019-000839, Div. F
CB&I LLC

Dear Mr. Jones:

Enclosed is the original, along with one copy, of our First Supplemental and Amended Petition for Unpaid Wages, Motion to Amend Petition and Order. Please present to the judge for consideration. Once the judge has signed, please file the original and return a conformed copy to our office.

Enclosed is our firm's check in the amount of $300.00 to cover the cost of filing.

With best regards, I am

Sincerely,

EDWARD J. FONTI

EJF/aer
Enclosures

| MARK ALLAN ATKINS, ET AL. | * | 14th JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF CALCASIEU |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| CB&I, LLC | * | DOCKET NO. 2019-839 "F" |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S MOTION TO WITHDRAW AS
## COUNSEL OF RECORD

NOW INTO COURT, through undersigned counsel, come Defendant, CB&I, LLC who

respectfully seeks the entry of an Order withdrawing Jennifer L. Englander (La. Bar No. 29572)

who is no longer with the firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,

701 Poydras Street, Suite 3500, New Orleans, LA 70139 as counsel of record.  CB&I, LLC will

continue to be represented by Christopher E. Moore and Andrew Halverson.

WHEREFORE, Defendants requests that this Court grant this Motion permitting Jennifer

L. Englander to withdraw as counsel of record for Defendant, CB&I, LLC

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**

FILED  6-4-19

Emilie McPherson
Deputy Clerk of Court
Calcasieu Parish, Louisiana

BY: _____
CHRISTOPHER E. MOORE, La. Bar No. 26430
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Email:  christopher.moore@ogletreedeakins.com

And

ANDREW HALVERSON, La. Bar No. 31184
325 Settlers Trace Boulevard, Suite 201
Lafayette, LA 70508
Telephone: (337) 769-6586
Facsimile: (337) 989-0441
Email:  andrew.halverson@ogletreedeakins.com

Attorneys for CB&I, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed to Edward J. Fonti, 1135 Lakeshore Drive, 6th Floor, P. O. Bo 1930, Lake Charles, Louisiana 70602-1930, by facsimile and by United States mail, postage prepaid on this June 4, 2019.

| | | |
|---|---|---|
| MARK ALLAN ATKINS, ET AL. | * | 14th JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF CALCASIEU |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| CB&I, LLC | * | DOCKET NO. 2019-839 "F" |
| | * | |

*********************************************************************

FILED  6·4·19

Emilie McPherson

Deputy Clerk of Court
Calcasieu Parish, Louisiana

### **ORDER**

After consideration of the Motion to Withdraw Counsel of Record;

IT IS ORDERED that Defendant's Motion is GRANTED;

IT IS ORDERED that Jennifer L. Englander is hereby withdrawn as counsel of record for

Defendant, CB&I, LLC.


New Orleans, Louisiana, this 12th day of ___June___, 2019.



S/Sharon Darville Wilson
JUDGE


38768270.1

| MARK ALLAN ATKINS, | : | 14TH JUDICIAL DISTRICT COURT |
| ALLEN WAYNE EDDINS, JR., | | |
| DOUGLAS EDWARD HAGA, | | |
| NELAND HARDY SINGLETARY, and | | |
| CHASE LLOYD SOMERS | | |
| | | |
| VS. NO.: 2019-000839, DIV. F | : | PARISH OF CALCASIEU |
| | | |
| CB&I LLC | : | STATE OF LOUISIANA |
| | | |
| _____ | : | _____ |
| FILED | | DEPUTY CLERK OF COURT |

## MOTION TO AMEND PETITION

NOW INTO COURT comes Plaintiffs, **MARK ALLAN ATKINS, ALLEN WAYNE EDDINS, JR., DOUGLAS EDWARD HAGA, NELAND HARDY SINGLETARY,** and **CHASE LLOYD SOMERS,** through undersigned counsel, who, with respect, requests the Court allow Plaintiffs to file the attached First Supplemental and Amended Petition of Unpaid Wages.

Defendant does not oppose Plaintiffs being granted leave to file the amended petition.

Respectfully submitted,

EDWARD J. FONTI - #5676
Jones, Tête, Fonti & Belfour, L.L.P.
1135 Lakeshore Drive, 6th Floor
P. O. Box 1930
Lake Charles, LA 70602-1930
Telephone:   (337) 439-8315
Facsimile:   (337) 436-5606
Email: ejf@jonestete.com
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion and Order to Amend Petition has this day been served via electronic mail and by First Class United States Mail, properly addressed and postage prepaid, upon:

**CB&I LLC**
Through its attorneys of record,

**CHRISTOPHER E. MOORE (#26430)**
Olgetree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
christopher.moore@ogletreedeakins.com

And

**ANDREW J. HALVERSON (#31184)**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
325 Settlers Trace Boulevard, Suite 201
Lafayette, LA 70508
andrew.halverson@ogletree.com

Dated this 24th day of June, 2019.

EDWARD J. FONTI

MARK ALLAN ATKINS,                    :        14TH JUDICIAL DISTRICT COURT
ALLEN WAYNE EDDINS, JR.,
DOUGLAS EDWARD HAGA,
NELAND HARDY SINGLETARY, and
CHASE LLOYD SOMERS

VS. NO.: 2019-000839, DIV. F          :        PARISH OF CALCASIEU

CB&I LLC                              :        STATE OF LOUISIANA

_____              :        _____
FILED                                          DEPUTY CLERK OF COURT

<u>ORDER</u>

     Considering the motion of counsel for Plaintiffs, MARK ALLAN ATKINS, ALLEN

WAYNE EDDINS, JR., DOUGLAS EDWARD HAGA, NELAND HARDY SINGLETARY,

and CHASE LLOYD SOMERS, that Plaintiffs desire their petition to be amended, and for good

cause shown,

     IT IS HEREBY ORDERED that Plaintiffs are permitted to file the supplemental and

amending petition.

     Order signed at Lake Charles, Calcasieu Parish, Louisiana on this _____ day of

_____, 2019.


                                      _____
                                      DISTRICT JUDGE

| | | |
|---|---|---|
| MARK ALLAN ATKINS,<br>ALLEN WAYNE EDDINS, JR.,<br>DOUGLAS EDWARD HAGA,<br>NELAND HARDY SINGLETARY, and<br>CHASE LLOYD SOMERS | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO.: 2019-000839, DIV. F | : | PARISH OF CALCASIEU |
| CB&I LLC | : | STATE OF LOUISIANA |
| _____<br>FILED | : | _____<br>DEPUTY CLERK OF COURT |

## FIRST SUPPLEMENTAL AND AMENDED PETITION FOR UNPAID WAGES

NOW INTO COURT through undersigned counsel comes Plaintiffs, **MARK ALLAN ATKINS, ALLEN WAYNE EDDINS, JR., DOUGLAS EDWARD HAGA, NELAND HARDY SINGLETARY,** and **CHASE LLOYD SOMERS,** who, with respect, amend paragraphs 5, 6, 7, 8, 9, 10, 12 and 13 of the Petition for Unpaid Wages as shown by bold print.

1.

Plaintiff, **MARK ALLAN ATKINS,** is a person of full age and majority and is a resident of Evadale, Texas; Plaintiff, **ALLEN WAYNE EDDINS,** is a person of full age and majority and is a resident of Silsbee, Texas; Plaintiff, **DOUGLAS EDWARD HAGA,** is a person of full age and majority and is a resident of Beaumont, Texas; Plaintiff, **NELAND HARDY SINGLETARY,** is a person of full age and majority and is a resident of Singer, Louisiana; and Plaintiff, **CHASE LLOYD SOMERS,** is a person of full age and majority and is a resident of Silsbee, Texas (collectively "Plaintiffs").

2.

**CB&I LLC** ("Defendant") is a foreign corporation licensed to do and doing business in Louisiana and is engaged in the business of industrial construction.

3.

At all times material to this lawsuit, Defendant has had an office in Calcasieu Parish, Louisiana where it is engaged in constructing a large industrial ethylene production facility known as the LACC Project.

4.

At all times material to this lawsuit, and within the three-year period immediately preceding

the date this lawsuit is filed, each Plaintiff was employed by the Defendant on the LACC Project in

Calcasieu Parish, Louisiana, as a construction worker performing manual labor.

5.

During the three-year period immediately preceding the date this lawsuit was filed, each

Plaintiff resigned from employment with Defendant.  **Plaintiffs MARK ALLAN ATKINS,**

**ALLEN WAYNE EDDINS, JR., NELAND HARDY SINGLETARY and CHASE LLOYD**

**SOMERS resigned in early October 2018. Plaintiff DOUGLAS EDWARD HAGA resigned**

**in November 2018.**

6.

During the period the Plaintiffs were employed by Defendant, **the Defendant had in place**

a "Project Completion Incentive" plan which provided:

> "CB&I will pay to <u>CRAFT</u> employees who meet the eligibility requirements
> below a Project Completion Incentive payment equal to five percent (5%) of the
> employee's total earnings (regular wages and overtime wages) earned while
> working for CB&I at the LACC / LA MEG-1 Project site, as a retention
> incentive to continue working on the Project until their role on the project is
> complete.  The Project Completion Incentive is calculated based on total
> earnings earned by the employee at the Project site beginning the date
> employment begins at site until the eligible employee is <u>laid off in a reduction-
> in-force or CB&I transfers</u> the employee from the Project site when employee's
> role on the project is complete. Employees who quit, transfer or terminate their
> employment for any other reason are not eligible for the Project Completion
> Incentive payment.   CB&I will pay the Incentive payment to an eligible
> employee on his/her final paycheck.  The payment is subject to normal payroll
> tax withholdings as well as the federal supplemental earnings rate of 25%."

7.

At the time of each Plaintiffs' resignation, each Plaintiff had a substantial amount of earned

wages which Defendant had placed in the **Project Completion Incentive** fund.

8.

**During Plaintiffs' employment, Defendant issued weekly paychecks and an "Earning**

**Description" document which showed the exact dollar amount of the Project Completion**

**Incentive bonus earned during the pay period covered by the paycheck.**

9.

Upon the ending of **each Plaintiffs'** employment, Defendant failed to pay each Plaintiff the wages earned by and owed to each Plaintiff **pursuant to the Project Completion Incentive plan.**

10.

**The terms and conditions of the Project Completion Incentive plan which provides that the employee who quits the project is not eligible to receive the Project Completion Incentive payment, is an illegal wage forfeiture term and condition violative of La. R.S. 23:634(A).**

11.

**By registered letter dated January 25, 2019, each Plaintiff made written demand for payment of all unpaid wages. Defendant failed to respond to the demand letter.**

12.

Defendants failure to pay all wages owed to each Plaintiff, on account of the illegal wage forfeiture agreement or on account of any other reason, constitutes a violation of La. R.S. 23:631(A)(1)(a) or (b) in regard to each individual Plaintiff.

13.

By Defendant's failure to pay each Plaintiff all wages owed by the next regular payday or within fifteen (15) days of their resignations, the Defendant is liable to each Plaintiff for the amount of wages still owed to each Plaintiff **including wages illegally forfeited pursuant to the Project Completion Incentive plan** and the penalty wage pursuant to La. R.S. 23:632, **as well as** reasonable attorney's fees and costs related to this lawsuit and interest on the amounts.

WHEREFORE, after due proceedings had, Plaintiffs pray that the Defendant be held liable to Plaintiffs for Defendant's violations of La. R.S. 23:634 A, La. R.S. 23:631 A(1)(a) or (b), and La. R.S. 23:632, including but not limited to all wages due each Plaintiff, for the penalty wage, for attorney's fees, legal interest, cost of these proceedings, compensatory damages and any future damages that are reasonable in the premise.

Respectfully submitted,

EDWARD J. FONTI/- #5676
Jones, Tête, Fonti & Belfour, L.L.P.
1135 Lakeshore Drive, 6th Floor
P. O. Box 1930
Lake Charles, LA 70602-1930
Telephone:  (337) 439-8315
Facsimile:  (337) 436-5606
Email: ejf@jonestete.com
**Attorney for Plaintiffs**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the First Supplemental and Amended Petition for Unpaid

Wages has this day been served via electronic mail and by First Class United States Mail, properly

addressed and postage prepaid, upon:

**CB&I LLC**
Through its attorneys of record,

**CHRISTOPHER E. MOORE (#26430)**
Olgetree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
christopher.moore@ogletreedeakins.com

And

**ANDREW J. HALVERSON (#31184)**
Olgetree, Deakins, Nash, Smoak & Stewart, P.C.
325 Settlers Trace Boulevard, Suite 201
Lafayette, LA 70508
andrew.halverson@ogletree.com


Dated this 24th day of June, 2019.

EDWARD J. FONTI

| | | |
|---|---|---|
| MARK ALLAN ATKINS, ET AL. | * | 14th JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF CALCASIEU |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| CB&I, LLC | * | DOCKET NO. 2019-839 "F" |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE TO THE COURT AND ALL PARTIES OF REMOVAL

TO:   Honorable Sharon Darville Wilson
      Division F
      14th Judicial District Court
      Calcasieu Parish
      P. O. Box 3210
      Lake Charles, LA 70602

PLEASE TAKE NOTICE that Defendant CB&I, LLC has removed the above-captioned and entitled action to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1331. A copy of the Notice of Removal filed by the Defendant is attached hereto as Exhibit 1.

WHEREFORE, CB&I notifies this Court and all other parties that this cause is now removed, this Court has no jurisdiction for any judgment in this cause, bar none, and this Court may not proceed further with this matter, unless and until the United States District Court for the Western District of Louisiana may remand this action.

Respectfully submitted,

Christopher E. Moore, T.A. (La. Bar No. 26430)
Andrew J. Halverson (La. Bar No. 31184)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, Louisiana 70139
Telephone: (504) 648-3840
Facsimile: (504) 648-3859
Email: Christopher.Moore @ogletreedeakins.com
       andrew.halverson@ogletreedeakins.com

Attorneys for Defendant, **CB&I, LLC.**



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on all counsel of record by placing same in the United States mail, first-class postage prepaid, addressed as follows:

      Edward J. Fonti
      P. O. Box 1930
      Lake Charles, LA 70602-1930

This 12th day of July, 2019.

Andrew J. Halverson

39116223.1

2