UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK ALLAN ATKINS, ET AL.** | **CASE NO. 2:19-CV-00899** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CB&I, LLC** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Memorandum [doc. 12] filed by plaintiffs in response to the court's ERISA Scheduling Order. Plaintiffs now contend that their claims are not governed by ERISA. Defendant CB&I, LLC has responded [doc. 13]. Plaintiffs have not filed a reply and their time for doing so has passed.

### I.
#### BACKGROUND

Plaintiffs are five construction workers formerly employed by CB&I at a project in Calcasieu Parish, Louisiana. *See* doc. 1, att. 2. They challenge CB&I's "Project Completion Initiative" ("PCI"). Under the PCI, CB&I allegedly agreed to pay an additional percentage of earned wages to employees upon the project's completion but refused such benefits to individuals who ended their employment before that point. *Id.* Plaintiffs filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, alleging that the PCI constituted an illegal wage forfeiture agreement under Louisiana Revised Statute § 23:634(A) and a violation of the Louisiana Wage Payment Act, Louisiana Revised Statute 23:631 *et seq. Id.*

-1-

CB&I removed the suit to this court on July 12, 2019. It argued that the PCI is an employee benefit plan that is subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and that plaintiffs' state law claims are therefore preempted by federal law. Doc. 1. This court issued an ERISA case order, directing that the parties file the administrative record and then submit memoranda on whether the PCI plan administrator had abused his discretion as set forth under ERISA. Doc. 8. Plaintiffs have complied, asserting in their memorandum that they cannot challenge the plan administrator's decision because the administrative record contains no indication that a decision was made. Doc. 12. They also challenge CB&I's preemption arguments, arguing that the PCI is not an employee benefits plan under ERISA because it lacks an administrative scheme. *Id.* CB&I opposes both contentions and maintains that the record supports the denial of benefits to the plaintiffs. Doc. 13.

## II.
## LAW & ANALYSIS

### A. *ERISA Jurisdictional Challenge*

Plaintiffs maintain that "[t]he ERISA issue exists" because CB&I has raised it as an affirmative defense and that this defense lacks merit. Ostensibly, plaintiffs are challenging federal preemption under ERISA and this court's federal question subject matter jurisdiction under 28 U.S.C. § 1331.

ERISA preempts almost all state laws relating to employee benefit plans. 28 U.S.C. § 1144(a). State law claims seeking relief within ERISA's scope must be recharacterized as arising under federal law and are thus removable to federal court. *Met. Life Ins. Co. v.*

*Taylor*, 481 U.S. 58, 63–64 (1987). For a claim to be removable under ERISA it must (1) "relate to" an employee benefit plan within ERISA's meaning and (2) be redressable under ERISA's civil enforcement provisions. *Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1313 (5th Cir. 1994). "When both of these conditions appear, a federal court has subject-matter jurisdiction even though [the] complaint alleges only state law claims." *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F.Supp.2d 920, 923 (S.D. Tex. 2001).

Plaintiffs argue that the PCI is not an employee benefit plan within the meaning of ERISA. As the Supreme Court noted in *Fort Halifax Packing Co. v. Coyne*, an ERISA plan is distinguished from other kinds of employee benefits programs because it necessitates an administrative scheme. This reflects Congress's intent of providing a uniform set of rules governing such schemes and protecting them from abuse. 482 U.S. 1, 9 (1987). A lump sum payment triggered by a single event (such as a plant closure, in *Fort Halifax*) is not a "plan" under ERISA because no scheme is required to make eligibility determinations or administer benefits. *Id.* at 11–12. Other kinds of benefits, however, including one-time payments, may still qualify as ERISA plans so long as they entail exercises of discretion/administration. *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 296 (5th Cir. 2013).

Severance plans usually qualify under ERISA because they involve eligibility determinations and ongoing administration. *E.g.*, *Cantrell v. Briggs & Veselka Co.*, 728 F.3d 444, 451 (5th Cir. 2013); *cf. Fontenot v. NL Indus., Inc.*, 953 F.2d 960, 962–63 (5th Cir. 1992) (severance plan "require[d] no administrative scheme because those employees included in the plan were to receive benefits upon termination regardless of the reason for

termination.") In such cases, the criteria need not be difficult to interpret. Instead, it suffices that the plan "set[s] forth specific eligibility criteria that disqualifies some potential plan participants." *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 284 (5th Cir. 2007) (affirming that a severance plan limited to employees with certain types of involuntary separations was an ERISA plan).

Here the challenged policy provides:

> CB&I will pay to **CRAFT** employees who meet the eligibility requirements below a Project Completion Incentive payment equal to five percent (5%) of the employee's total earnings (regular wages and overtime wages) earned while working for CB&I at the LACC / LA MEG-1 Project site, as a retention incentive to continue working on the Project until their role on the project is complete. The Project Completion Incentive is calculated based on total earnings earned by the employee at the Project site beginning the date employment begins at site until the eligible employee is **laid off in a reduction-in-force or CB&I transfers** the employee from the Project site when the employee's role on the project is complete. Employees who quit, transfer or terminate their employment for any other reason are not eligible for the Project Completion Incentive payment. CB&I will pay the Incentive payment to an eligible employee on his/her final paycheck. The payment is subject to normal payroll tax withholdings as well as the federal supplemental earnings rate of 25%.

Doc. 9, p. 19 (emphasis in original).

Under this scheme, the plan administrator must determine whether a qualifying termination has taken place before the benefit can be paid. Because the policy is not limited to qualifying terminations happening on a certain date, it requires "an ongoing administrative program" to make benefits determinations. *Clayton*, 722 F.3d at 295–96. Such a program fits squarely within the Fifth Circuit's post-*Fort Halifax* holdings. Accordingly, ERISA preempts plaintiffs' claims relating to the PCI and the court has subject matter jurisdiction over this case.

## B. *Review of Plan Administrator Decision*

The court's next task is to review the benefits determination. On this review the court serves an appellate role and may not substitute its own judgment for that of the plan administrator. *McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 456–58 (5th Cir. 2014). A denial of ERISA benefits is reviewed *de novo* unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Otherwise, the administrator's interpretation of terms is review for abuse of discretion. *Id.*

Here CB&I has reserved its authority to revise existing policies or implement new policies as needed. Doc. 9, p. 20. There is no indication what authority its plan administrator has to make eligibility determinations within the plan's terms. No matter what the standard of review, however, plaintiffs concede in their memorandum that they "were never covered by the Plan" because "[t]here is no question that employees quit" and so "there should be no question [that] they are not eligible for the Completion Incentive bonus." Doc. 12, p. 4. Plaintiffs fail to show how the terms of the policy violate ERISA or how the plan administrator violated ERISA in his eligibility determinations.

## IV.
### CONCLUSION

For the reasons stated above, plaintiffs' claims will be denied and dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 26th day of December, 2019.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**